PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FELIPE ALVAREZ, Defendant and Appellant.

No. 3178. Argued December 1, 1927.—Decided January 10, 1928.

*Buenaventura Esteves* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Under section 328 of the Penal Code any person conducting a motor vehicle or other vehicle propelled by force who negligently has a collision causing injury to another person is guilty of a crime. The appellant and José García Carbonell were each conducting an automobile on the steep road that leads into Aguadilla, and their automobiles collided. At the trial of this case each blamed the other, and each insisted that the other driver was on the wrong side of the road.

The appellant says that no undue carelessness was shown. However, a man is proceeding without due care who travels on the wrong side of the road, especially in rounding a curve, as happened in the case before us. Of course, we are not considering acts in emergencies, or when the person traveling is sure the road is clear. The evidence of the government, if it was to be believed, showed that Carbonell was proceeding with due care and that the defendant was not.

At the hearing of this case and in his brief the appellant tries to convince us that the evidence was wrongly weighed by the court. He insists that on this steep grade near Aguadilla cars going down the hill are bound to move slowly while cars coming up move a great deal more swiftly. It may be, on occasion, cars going up that hill do move swiftly and it may be that cars going down the hill generally go into second, as claimed. But we can not take judicial notice that such a procedure generally exists, nor could we assume that it was not varied from in the present instance. It was for the court to determine which set of witnesses was to be believed and we find no reason to interfere with the discretion of the court. Likewise, while in some cases a consistent

story told by each of the witnesses in the case may perhaps provoke a little suspicion at the trial, yet where the facts are simple, as here, a strict consistency in the statements of the witnesses should cause the trier no great surprise. There is nothing to indicate that the statements of the witnesses were manufactured. We find nothing to distinguish the case from an ordinary one of a conflict in the evidence.

Error was assigned in allowing Carbonell to testify against the defendant. The case was first tried in the municipal court, where both Carbonell and the defendant were charged with violating section 328 of the Penal Code. The appellant alleged that Carbonell was an accomplice.

Even supposing that Carbonell was such an accomplice, nevertheless, at a trial the evidence of an accomplice is not to be excluded, but his testimony must be corroborated. There was ample corroboration in this case.

Perhaps one of the difficulties of the situation is that the defendant and Carbonell were not guilty of committing the same crime; each of them, if guilty at all, had committed an independent criminal act. There is no semblance of a common intent and with difficulty could they be thought to be accomplices.

The mere fact that a man is charged with a crime jointly with another person does not *ipso facto* make him an accomplice. We apprehend, with the presumption of honesty that exists, that anyone who relies on the fact that another is an accomplice is put to his proof.

We find no error and the judgment will be affirmed.